IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: GOOGLE ANDROID CONSUMER PRIVACY LITIGATION | No. M 11-02264 JSW<br>MDL No. 2264 |
| This Order Relates to:<br>ALL CASES | **PRETRIAL ORDER AND AGENDA FOR INITIAL CASE MANAGEMENT CONFERENCE** |

The Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court for coordinated pretrial proceedings nine actions relating to (1) Google's Android mobile device operating system; (2) the information that devices running Android or that applications downloaded to those devices collect, store, and transfer; and (3) the propriety of Google's alleged handling and use of that information, including, but not limited to, allegedly tracking the physical location of user's phones without the user's consent.

As the number and complexity of these actions warrant holding a single, coordinated initial status conference for all actions in *In Re: Google Android Consumer Privacy Litigation*, MDL No. 2264, the Court ORDERS as follows:

1. APPLICABILITY OF ORDER: Prior to entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the JPML. This

Order also applies to all related actions filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2.   CONSOLIDATION: The civil actions transferred to this Court are consolidated for pretrial purposes only.  Any "tag-along actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be consolidated with this action without the necessity of future motions or orders.  This consolidation does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3.   DATE OF INITIAL STATUS CONFERENCE AND AGENDA FOR CONFERENCE:  Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial status conference to be held on Friday, September 23, 2011 at 9:00 a.m. before Judge Jeffrey S. White in Courtroom 11, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.  Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical and just resolution of this litigation.  The agenda for the conference is set forth below, at paragraph 12.

4.   INITIAL CONFERENCE APPEARANCES: Each party represented by counsel shall appear at the initial status conference through the party's attorney who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel may appear in person or through an authorized and responsible agent.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent the party's interest at the conference.  A party will not by designating an attorney to represent the party's interest at the conference be

precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

5.     STAY OF DISCOVERY:  Pending further order of this Court, all discovery is stayed.

6.     MASTER DOCKET FILE: The Clerk of the Court will maintain a master docket case file under the style *"In Re: Google Android Consumer Privacy Litigation*," No.  M 11-2264 JSW, and the identification of "MDL No. 2264."  When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases."  When a pleading is intended to apply to fewer than all cases, this Court's docket number of each individual case to which the document relates shall appear immediately after the words "This Document Relates to."

7.     FILING: This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI of which requires that all documents in such a case be filed electronically.  General Order 45 provides at Section IV(A) that "Each attorney of record is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF."  If she or she has not already done so, counsel shall register forthwith as an ECF user and be issued an ECF user ID and password.  Forms and instructions can be found on the Court's web site at ecf.cand.uscourts.gov.

All documents shall be e-filed in the master file, No. M 11-2264 JSW.  Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the documents pertain.

8.     DOCKETING NEW CASES: When an action that properly belongs as part of *In Re: Google Android Consumer Privacy Litigation* is filed after the date of this Order in the

3

1 Northern District of California or transferred here from another court, the Clerk of this Court
2 shall:
3     a. File a copy of this Order in the separate file for such action;
4     b. Make an appropriate entry on the master docket sheet;
5     c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and
7     d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

10     9. APPEARANCES: Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Northern District of California Local Rule 11-3 are waived. Association of local counsel is not required.

16     10. PRESERVATION OF EVIDENCE: All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data and tangible things in the possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data and tangible things" shall be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings, or

4

transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties agree on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. <u>Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties.</u>

11. FILING OF DISCOVERY REQUESTS: In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection with a motion.

12. AGENDA FOR SEPTEMBER 23, 2011 STATUS CONFERENCE: The items listed in MCL 4th Sections 22.61, 22.62 and 22.63 will be addressed generally at the conference. In addition, the Court intends to address the following specific items at the initial status conference:

a. <u>Interim Class Counsel:</u> The Court intends to appoint Interim Class Counsel, who will be charged with administrative responsibilities arising from the pretrial coordination of these multiple actions, including communication with the Court. Counsel for the plaintiffs shall confer and seek consensus on the selection of a candidate for the position of Interim Class Counsel. Should consensus not be reached, the Court shall hear a motion on appointment of Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

Interim Class Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties upon request. Interim Class Counsel will also be authorized to receive orders and notices from the Judicial

1 Panel on Multi District Litigation pursuant to Rule 5.2(e) of the JPML's *Rules of Procedure* or
2 from the transferee court on behalf of all parties and shall be responsible for the preparation and
3 transmittal of copies of such orders and notices to the parties.  The expenses incurred in
4 performing the services of Interim Class Counsel shall be shared equally by all members of the
5 plaintiff group in a manner agreeable to the parties or set by the Court failing such agreement.

b. <u>Consolidated Master Class Action Complaint:</u> Within 30 days following the appointment of Interim Class Counsel, Plaintiffs shall file a consolidated master class action complaint.

c. <u>Monthly statements regarding time spent and costs advanced:</u>  All attorneys who may ever seek the award of fees or reimbursement of costs in connection with this litigation shall keep files contemporaneously documenting all time spent, including tasks performed,  and expenses incurred.  The Court will consult with Interim Class Counsel concerning how and where these files shall be preserved pending completion of the litigation.

d. <u>Discovery:</u>  Counsel should be prepared to discuss mechanisms for coordinating discovery.[1]  The parties have agreed, and the Court endorses the stipulation, that Rule 26 initial disclosures shall be optional.  No duties with regard to discovery shall arise until after Interim Class Counsel has been appointed, the consolidated master class action complaint has been filed, the Court has ruled on Google's anticipated motion to dismiss, and the parties thereafter conduct a conference pursuant to Federal Rule of Civil Procedure 26(f).  The parties may, but are not required, to provide advance courtesy copies of discovery, which, regardless, will not affect further discovery proceedings.  The fact discovery period shall open after the Rule 26(f) conference and shall remain open for a period no longer than six months in duration.  Fact

---

[1] Discovery in the related action, *Yuncker v. Pandora Media, Inc.*, No. CV 11-03113 JSW, shall also proceed along the same schedule as set forth above.

6

discovery shall be followed by a separate expert discovery period to last no more than four months in duration.

e. <u>Protective Order:</u>  Counsel shall also be prepared to discuss a stipulated protective order and, if possible, present one to the Court for its consideration.  In the event a stipulation cannot be reached, the Court will execute a protective order generally in the form to the Northern District of California's model stipulated protective order unless/until the parties present the Court with a joint submission.

f. <u>Settlement and ADR:</u>  The parties shall be prepared to address the timing and appropriateness of ADR options, to occur after the appointment of Interim Class Counsel and the filing of the consolidated master class action complaint.

g. <u>Schedule:</u>  Google shall file its motion to dismiss within 45 days after Plaintiffs file their consolidated master class action complaint.  Plaintiffs shall have 45 days thereafter to file their opposition.  Google shall file a reply within 30 days thereafter.  The Court shall set a date for a hearing on the motion to dismiss, if necessary.  After adjudication of the motion to dismiss, if necessary, the Court shall conduct a further status conference to set further dates.  Plaintiffs shall file their motion for class certification as early as practicable, with the briefing subject to the parties' stipulation and the Court's approval.

**IT IS SO ORDERED.**

Dated: September 21, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE